IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>KERMIT LOTTIE,<br><br>    Defendant. | Case No. CR-00-45-D |

**ORDER**

This matter comes before the Court on Nonparty Julius Darius Jones' Motion to Unseal or, Alternatively, for Limited Disclosure of Sealed Document [Doc. No. 286]. Mr. Jones asks the Court to authorize the disclosure of a sealed filing in this case, to be used in connection with his pending application to the Oklahoma Pardon and Parole Board for commutation of a death sentence. He states that the government objects to unsealing but does not oppose a limited disclosure of the document subject to a protective order.

The sealed document at issue was filed by the government regarding the sentencing of Defendant Kermit Lottie in March 2002. Mr. Lottie discharged his 84-month prison sentence (and five-year term of supervised release) long ago. Over the years, the Court has ordered that the document be disclosed to persons involved in Mr. Jones' case during prior proceedings, including the district judge and trial attorneys in April 2002 [Doc. No. 179], the appellate judges and counsel in July 2003 [Doc. No. 182], and his current counsel in the Federal Public Defender's Office in the District of Arizona in October 2017 [Doc.

No. 285]. The 2017 Order was issued upon a joint motion by the United States and Mr. Jones, and directed that the sealed document be provided to Mr. Jones' attorneys under an agreed protective order. No protective order has been entered in this case, but presumably, the document was provided to Mr. Jones' attorneys because they now ask the Court to permit further disclosure of it.

The Tenth Circuit has recently emphasized "a strong presumption in favor of public access" to judicial records that "can [only] be overcome where countervailing interests heavily outweigh the public interests in access." *United States v. Bacon*, 950 F.3d 1286, 1293 (10th Cir. 2020) (internal quotations omitted). "[T]he district court, in exercising its discretion to seal or unseal judicial records, must weigh the interests of the public, which are presumptively paramount, against those advanced by the parties." *Id*. (internal quotation omitted). "Consistent with this presumption that judicial records should be open to the public, the party seeking to keep records sealed bears the burden of justifying that secrecy, even where, as here, the district court already previously determined that those documents should be sealed." *Id*. (quoting *United States v. Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013)). "Therefore, the burden is on the government, as the party opposing disclosure of the [sealed document], to articulate a sufficiently significant interest that will justify continuing to override the presumption of public access to the [document] at issue here." *Id*. (quoting *Pickard*, 733 F.3d at 1303).

Under these circumstances, the Court finds that the government should be required to articulate its opposition to Mr. Jones' Motion. If, as represented by the Motion, the

government advocates for a limited disclosure subject to a protective order, it should also submit a proposed order for consideration by the Court.

**IT IS THEREFORE ORDERED** that the government is directed to file its response to Mr. Jones' Motion by August 24, 2021.

**IT IS SO ORDERED** this 19th day of August, 2021.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge